**Electronically Filed
Intermediate Court of Appeals
30090
19-SEP-2012
10:13 AM**

NO. 30090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MARIANO V. HERNANDO, Plaintiff-Appellant, v. DEPARTMENT OF
EDUCATION, DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT, and MERIT
APPEALS BOARD, Defendants-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1015)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

On September 29, 2009, Plaintiff-Appellant Mariano V. Hernando (Hernando) appealed a total of nine judgments and orders issued by the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendants-Appellees Department of Education (DOE), Department of Human Resources Development (DHRD), and Merit Appeals Board (MAB) (collectively, "Appellees"), arising from a civil lawsuit in which Hernando alleged various constitutional and statutory violations after DOE rejected Hernando's application for employment and declined to re-interview him for a sixth time for the same position within a three-year span.

On February 10, 2010, this court dismissed the case for lack of jurisdiction except as to Hernando's appeal from the circuit court's October 1, 2009 post-judgment "Order Denying Plaintiff's Motion for an Order Compelling Defendants to File

---

[1]     The Honorable Karl K. Sakamoto presided.

Answers to Plaintiff's First Request for Admissions Served on Defendants on June 4, 2009 or, in the Alternative, that Documents Be Deemed as Genuine and Statement Admitted as True, and Order Denying Defendants Department of Education and Department of Human Resources Development's Request for Attorneys' Fees and Costs." Hernando v. Department of Educ., et al., No. 30090, 2010 WL 541686, at *1 (Haw. Ct. App. Feb. 10, 2010). This court explained that Hernando failed to timely appeal the two judgments that resolved all of the claims against the parties, id. at *2, and  determined that the circuit court's post-judgment order denying Hernando's motion for a determination of finality was superfluous because final judgment had already been entered. Id. at *3. Accordingly, this court concluded that the only issue remaining before it is whether the circuit court erred in denying Hernando's motion to compel Appellees to respond to his post-judgment admissions request. Id. at *4.

As a preliminary matter, this court has "an independent obligation to ensure jurisdiction over each case and to dismiss the appeal sua sponte if a jurisdictional defect exits." State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000). Subject to certain exceptions that do not apply in this case, appellate courts do not decide moot questions, see Wong v. Bd. of Regents, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980), and "the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar." Kona Old Hawaiian Trails Group v. Lyman, 69 Haw. 81, 87, 734 P.2d 161, 165 (1987) (internal quotation marks and citation omitted). In Wong, the Hawai'i Supreme Court explained that "[m]erely abstract or moot questions will not be determined on appeal" because the duty of the courts "is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." 62 Haw. at 394-95, 616 P.2d at 204 (citing Anderson v. Rawley Co.,

2

27 Haw. 150, 152 (1923); Territory v. Damon, 44 Haw. 557, 562, 356 P.2d 386, 390 (1960)). The Hawai'i Supreme Court continued, "Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so." Id. at 395, 616 P.2d at 204 (citing Territory v. Aldridge, 35 Haw. 565, 567-68 (1940)).

"A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law." Kona Old Hawaiian Trails Group, 69 Haw. at 87, 734 P.2d at 165 (internal quotation marks and citation omitted). In its essence, "[a] case is moot if the reviewing court can no longer grant effective relief." City Bank v. Saje Ventures II, 7 Haw. App. 130, 134, 748 P.2d 812, 815 (1988) (quoting United States v. Oregon, 718 F.2d 299, 302 (9th Cir. 1983)) (internal quotation marks omitted).

Applying these principles, this court concludes that Hernando's appeal from the circuit court's post-judgment denial of his motion to compel does not present a live issue and, therefore, this court does not have jurisdiction to hear it. Hernando's discovery request goes to the substantive merits of the case, but the merits of the case have already been determined by the circuit court's summary judgment orders and final entry of judgment in favor of Appellees. As this court already has explained, it does not have jurisdiction to review these judgments because Hernando did not timely appeal the circuit court's orders and judgments. See Hernando, 2010 WL 541686, at *2, *4. Given that Hernando's discovery request goes to the underlying substantive merits of the case and this court cannot review the merits of the case, there is no value to the discovery Hernando seeks and this court cannot offer Hernando any meaningful relief. See Kona Old Hawaiian Trails Group, 69 Haw. at 87, 734 P.2d at 165. Thus, the discovery issue is now moot. Id.

In <u>Willis v. Swain</u>, 126 Hawai'i 312, 270 P.3d 1042 (App. 2012), this court applied the same principles to affirm a circuit court's denial of a plaintiff's motion to compel discovery relevant to her bad faith claim against the defendant because the plaintiff did not have a cognizable claim for bad faith against the defendant. 126 Hawai'i at 317, 270 P.3d at 1047. As illustrated by the order from <u>Linkous v. Lane</u>, 276 S.W.3d 917 (Tenn. Ct. App. 2008), which was cited by Appellees, courts in other jurisdictions also have held that discovery requests are rendered moot by a final disposition of the case on its merits. <u>See, e.g.</u>, <u>Barthelemy v. Air Lines Pilots Ass'n</u>, 897 F.2d 999, 1011 (9th Cir. 1990) (explaining that discovery requests are moot when an order granting summary judgment is affirmed on the basis that the plaintiff's complaint does not state a claim for which relief can be granted); <u>Larson v. Iboshi</u>, 441 Fed. Appx. 511, 514 (9th Cir. 2011) ("Larson's second motion to compel discovery was rendered moot by the court's dismissal with prejudice of Larson's complaint."); <u>In re City of El Paso, Texas</u>, 887 F.2d 1103, 1105-06 (D.C. Cir. 1989) (holding that certain discovery subpoenas were rendered moot when there was no trial in which the discovery could be used); <u>see also</u>, <u>Butler v. Douglas County</u>, 457 Fed. Appx. 674, 676 (9th Cir. 2011) ("Having affirmed summary judgment, any discovery violations are moot.").

Therefore, appellate court case number 30090 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, September 19, 2012.

On the briefs:

Mariano V. Hernando,
Plaitiff-Appellant, pro se.

Kimberly Tsumoto Guidry,
Deputy Solicitor General,
for Defendants-Appellees DOE
and DHRD.

John S. Mukai,
Deputy Corporation Counsel,
City and County of Honolulu,
for Defendant-Appellee MAB.

Presiding Judge

Associate Judge

Associate Judge

4